## LAND & HOME CO. et v THOMAS

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 8942. Decided June 10, 1929

Smith, Olds, Smith & Shepherd, Cleveland, for Land & Home Co.

Clayton W. Tyler, Cleveland, for Thomas.

Judges JUSTICE & HUGHES, (3rd Dist.) and MAUCK (4th Dist.) sitting.

## MAUCK, J.

In this court it is claimed that Smith as trustee should not be held on the ground that he was a naked trustee of the Land and Home Company. This question was nowhere raised in the trial court and it is not, therefore, a question open for review in this court. In our judgment, however, there is nothing in the suggestion, however or whenever the question might be raised. The liability of Smith and the corporation arises not because of the relation of principal and agent that may have existed between them, nor because one was trustee and the other a cestui-que trust, but because one was the grantor and the other the grantee with notice, and because the action of both of them resulted in the wrong of which plaintiff complains. They both participated in this wrong and they were both liable.

It has been admitted in argument that the plaintiff had paid upon this purchase over Six Hundred Dollars and it is virtually admitted that the Land and Home Company are indebted to him in some amount.

The only substantial question involved is that of the weight of the evidence, and we experience no difficulty in finding that the weight of the evidence was with the plaintiff, and that he is entitled to all or more than the amount of this judgment upon either of the two theories upon which that judgment might be predicated. At the time Smith put it out of his power to carry on his contract, it is evident that the plaintiff was not in default and it is quite doubtful whether he was in default at the time the Land Company sold the property to the new purchasers. If the action were one for damages the plaintiff was entitled to the value of the property fixed by the re-sale less the amount unpaid by him, subject to interest and taxes and without any charge of commission for re-sale. The amount due him under this calculation would be in excess of the judgment actually recovered by him.

If, instead of awarding him damages predicated on this theory, the trial court undertook to treat the contract as abandoned by Smith, or of being rendered impossible of performance by the action of Smith and the Land Company, then the plaintiff, was entitled to recover all the payments made by him with interest and without any deduction for taxes or other charges. On this theory too the plaintiff was entitled to even more than the judgment. So whatever view we take of the character of the action as fixed by the pleadings, the judgment entered was sound and the record discloses no error prejudicial to the Land and Home Company or to Smith as trustee.

The judgment is affirmed.

Justice and Hughes, JJ, concur.